STAR DIAMOND GROUP, INC., Appellant, v CoMAC INTERNATIONAL, N.V., Respondent, et al., Defendant. [747 NYS2d 467]

When defendant and counterclaim plaintiff CoMac purchased certain claims that plaintiff and counterclaim defendant Star possessed against Best Products Co. in the Best bankruptcy, the claims were scheduled as "disputed," requiring a proof of claim to be filed by the bar date. However, neither Star nor CoMac filed a proof of claim, causing the claims to lapse and become worthless. The trial court properly held that Star breached the transfer agreement between it and CoMac, and that Star was, therefore, required to reimburse CoMac for the price of the claims pursuant to the agreement and to indemnify CoMac against its losses.

It is undisputed that Star, in violation of the transfer agreement, failed to forward the bar date notice which it had received from the Bankruptcy Court. Although Star claims that CoMac had actual or constructive notice of the bar date by various other means, none of those alleged notices relieved Star of its affirmative obligation to forward to CoMac the notice it (Star) had received. Further, even if CoMac had received such notice of the bar date, it would not by reason of such notice have become obliged to act to prove the transferred claims against Best, since the transfer agreement expressly relieved

CoMac from any "obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of the claim." Thus, it was not CoMac's duty under the agreement to file any proof of claim, and we reject Star's argument that filing a proof of claim is not an affirmative action meant to prove the claim.

Additionally, Star warranted in the transfer agreement that the claims were "undisputed," which meant that no proof of claim would be required. Yet the claims were scheduled as "disputed" on the very day the transfer agreement was executed, and Star made no attempt to verify the status of the claims. Star's warranty expressly survived the execution of the agreement, and CoMac was entitled to rely upon it. Moreover, the transfer agreement expressly stated that Star would reimburse the purchase price to CoMac, upon demand, if the claims were ever scheduled as disputed or if they were "disallowed * * * in any amount for any reason." We reject Star's proposal that term "disallowed" should be read in so technical a manner as to exclude the instant claim. The meaning of the phrase "disallowed * * * in any amount for any reason" is clear, unambiguous and expansive (*see Laba v Carey*, 29 NY2d 302, 308). In any event, it is uncontested that the claims were listed as "disputed," thus also triggering the "put-back" or reimbursement provision. Star breached this provision by refusing to reimburse CoMac upon demand.

Further, under the indemnity provision of the transfer agreement, Star was required to indemnify CoMac for any loss due to any breach by Star or for losses due to Star's "acts or omissions." The trial court correctly found that, under the terms of the transfer agreement, it was Star's obligation, not CoMac's, to monitor the bankruptcy claim to ensure that any proof of claim would be filed if needed, and Star breached the agreement by failing to do so, in addition to the above breaches. Thus, CoMac was entitled to indemnification.

We have considered Star's remaining arguments and find them unavailing. Concur—Williams, P.J., Tom, Rosenberger and Friedman, JJ.